UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JUAN LAFONTA, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                            **NO. 22-1191**

**EBONY WILLIAMS, ET AL.**                            **SECTION "B"(1)**

### ORDER AND REASONS

Considering plaintiffs Juan LaFonta and Deaudrea Horne's motion for extension of time for service on defendant Ebony Williams (Rec. Doc. 21),

Plaintiffs filed the First Amendment Petition on July 5, 2022 and perfected service, along with summons on Defendants State Farm and USAA. Rec. Doc. 21-1 at 1. Plaintiffs also attempted the same as to Ms. Williams, via Verified U.S. Mail with return receipt requested. *Id.* On October 5, 2022, the Court ordered plaintiffs file into the record return of service as to Ms. Williams no later than October 19, 2022, noting failure to do so would result in her dismissal without prejudice. Rec. Doc. 18. The service mailing was returned to plaintiffs' counsel as undeliverable on or around October 9, 2022. Rec. Doc. 21-2 at 1. On October 18, plaintiffs filed a notice of failure to serve Ms. Williams, and indicated their intent to file the instant motion for extension of time to serve. Rec. Doc. 19. On October 19, 2022, counsel for State Farm indicated they would oppose such a motion. Rec. Doc. 21-1 at 2. Accordingly, plaintiffs filed the instant motion for extension of

1

time for service and set the submission date for November 9, 2022. Rec. Doc. 21. However, because no opposition was filed nearly a month after the submission date, the Court treats the motion for extension of time for service on defendant Ebony Williams as unopposed. *Id.*

Federal Rule of Civil Procedure 4(m) provides the Court "must extend the time for service for an appropriate period" if plaintiffs show good cause for failing to serve a defendant within ninety (90) days after a complaint if filed. The Fifth Circuit has also clarified that "some showing of good faith . . . and [a] reasonable basis for noncompliance within the time specified is necessary to show good cause." *McDonald v. United States*, 898 F.2d 466, 467-68 (5th Cir. 1990) (quoting *Winters v. Teledyne,* 776 F.2d 1304, 1306 (5th Cir.1985) and 4A C. Wright & A. Miller, *Federal Practice and Procedure:* 1165 (2d ed. 1987)).

Here, plaintiff avers U.S.P.S. tracking information showed multiple failed delivery attempts to Ms. Williams' only known address, with messages of "unclaimed," "addressee unknown," and "forward expired." Rec. Doc. 21-1 at 2. Accordingly, "plaintiffs thus reasonably believe Ms. Williams no longer resides at this address, such that attempting service there by other means would have proven futile." *Id.* Additionally, plaintiffs still lack sufficient information to identify where Ms. Williams may be served and allege "Ms. Williams was the driver at fault in a hit-and-run

2

motor vehicle accident, and may now be attempting to evade service wherever she resides." *Id.* at 2-3. Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**. Plaintiffs Juan LaFonta and Deaudrea Horne shall serve the First Amended Complaint and Summons, and file into the record the return of service of process that has been affected on defendant **no later than Tuesday, January 7, 2023**. Failure to do so may result in the dismissal of the unserved defendant.

New Orleans, Louisiana this 12th day of December, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE