**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JUAN LAFONTA, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                            **NO. 22-1191**

**EBONY WILLIAMS, ET AL.**                            **SECTION "B"(1)**

<u>**ORDER AND REASONS**</u>

Before the Court are plaintiffs'[1] motion for partial summary judgment (Rec. Doc. 40) and defendants'[2] opposition (Rec. Doc. 41),

**IT IS ORDERED** that plaintiff's motion for partial summary judgment (Rec. Doc. 40) is **DENIED** for the reasons provided below.

**FACTS & PROCEDURAL HISTORY**

This dispute arises from an alleged automobile collision that took place on or around March 14, 2021. Rec. Doc. 40-3 at 1. Plaintiff Juan Lafonta avers he was driving his 2019 Porsche Cayenne in New Orleans, Louisiana with plaintiff Deaudrea Horne as a passenger. *Id.* While stopped at the red light at the Humanity Street intersection, Mr. LaFonta's vehicle was purportedly hit from behind by a 2017 Nissan Sentra operated by defendant, Ebony Williams. *Id.* at 1-2. As a result of the collision, plaintiffs aver they sought medical treatment for injuries sustained. *Id.* at 2. Finally, plaintiffs alleges at the time of this collision, defendant State Farm insured defendant Ebony Williams. *Id.* On July

---

[1] Juan LaFonta and Deaudrea Horne.
[2] State Farm Mutual Automobile Insurance Company ("State Farm"). Only defendant State Farm filed an opposition. Rec. Doc. 41.

1

10, 2023, plaintiffs filed the instant motion for partial summary judgment to determine the fact that a collision occurred. Rec. Doc. 40 at 1.

Critically, defendant State Farm tells a different story. State Farm contends there exist genuine disputes of material fact, noting they contest whether an accident even occurred and that plaintiffs suffered any injuries in connection to any alleged accident. Rec. Doc. 41-1.

**SUMMARY JUDGMENT STANDARD**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is **no genuine issue as to any material fact** and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *see also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). **A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory

allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." *McCarty* 864 F.3d at 358 (internal quotations omitted).

**ANALYSIS**

Plaintiffs request the Court grant their motion for partial summary judgment to confirm whether an automobile accident occurred on or around March 14, 2021. Rec. Doc. 40-3 at 4. Defendant State Farm opposes such relief arguing (1) "it is

contested [] whether an accident even occurred" and (2) "it is highly contested that plaintiffs' have suffered any injuries in connection with any alleged accident." Rec. Doc. 41 at 1. Curiously, plaintiffs' own memoranda in support concedes: "State Farm contends that no accident has occurred. However, State Farm Mutual Automotive Insurance Company cannot produce Ebony Williams, nor any statement from her." Rec. Doc. 40-3 at 3.

This matter irrefutably poses genuine disputes of material fact that precludes the requested partial summary judgment relief. *See e.g.* Rec. Doc. 41-1 (Defendant State Farm's Statement of Contested Material Facts).[3] Recall, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Thus, "a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).

The very nature of this suit rests on whether an automobile accident occurred involving these parties, and if so, whether plaintiffs sustained injuries. Because there exists a genuine

---

[3] It appears defendant State Farm's statement of contested material facts incorrectly named "Ebony Williams" as the passenger, instead of Deaudrea Horne. *See* Rec. Doc. 41-1.

dispute of material fact reserved for the trier of fact, summary judgment relief is inappropriate at this juncture.

Finally, parties are reminded that if they experience discovery issues caused by any party, counsel, witness, third party, etc. they should comply with EDLA Local Rules in anticipation of filing timely discovery motions for consideration before the assigned Magistrate Judge. To that end, all parties and counsel shall comply with the directive for the "just, speedy, and inexpensive determination" of this matter pursuant to Fed. R. Civ. P. 1.

New Orleans, Louisiana this 28th day of July, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE